1    DARREN T. BRENNER, ESQ.
     Nevada Bar No. 8386
2    JAMIE K. COMBS, ESQ.
     Nevada Bar No. 13088
3    AKERMAN LLP
     1635 Village Center Circle, Suite 200
4    Las Vegas, Nevada 89134
     Telephone:   (702) 634-5000
5    Facsimile:    (702) 380-8572
     Email:  darren.brenner@akerman.com
6    Email:  jamie.combs@akerman.com

7    *Attorneys for plaintiff and counter-defendant*
     *Bank of America, N.A., successor by merger*
8    *to BAC Home Loans Servicing, LP*

9

**UNITED STATES DISTRICT COURT**

10

**DISTRICT OF NEVADA**

| | |
|---|---|
| 11   BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, | Case No.: 2:16-cv-00776-RFB-GWF |
| 12 | |
| 13          Plaintiff, | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER RE: BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 42]** |
| 14     v. | |
| 15   ELKHORN COMMUNITY ASSOCIATION; RLP COGBURN LLC; and ATC ASSESSMENT COLLECTION GROUP, LLC FKA ANGIUS & TERRY COLLECTIONS, LLC, | |
| 16 | |
| 17 | |
| 18          Defendants. | |
| 19   AND RELATED CLAIMS. | |

20        Plaintiff and counter-defendant Bank of America, N.A., successor by merger to BAC Home

21   Loans Servicing, LP (**BANA**)'s motion for partial summary judgment, ECF No. 42, and defendant,

22   Elkhorn Community Association's Motion for Summary Judgment , ECF No. 43, came on for hearing

23   on July 30, 2019. For the reasons stated on the record, the court granted BANA's motion, ECF No. 42,

24   found Elkhorn's foreclosure sale did not extinguish BANA's deed of trust, and dismissed all defendant,

25   counterclaimant and cross-claimant RLP Cogburn, LLC (**RLP**)'s claims. The court also makes the

26   following findings of fact and conclusions of law supporting its decision to grant BANA's motion for

27   partial summary judgment, ECF No. 42, and to grant the HOA's Motion for Summary Judgment, ECF

28   No. 43, as to the claims of co-defendant, RLP, asserted against the HOA:

The court finds the following facts are undisputed:

1.      Travis Davis obtained a $237,276 loan from Countrywide Bank, FSB in 2007 (the **loan**).

2.      Mr. Davis secured the loan with a deed of trust recorded against the property located at 7313 Cogburn Street, Las Vegas, Nevada 89131-4529, dated December 28, 2007 and recorded with the Clark County Recorder on January 2, 2008, as Instrument No. 20080102-0000962 (the **deed of trust**), more fully described as:

> LOT TWENTY-SIX (26) IN BLOCK ONE (1) OF ELKHORN SPRINGS – PARCEL 5A, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 65 OF PLATS, PAGE 81, AND AMENDED BY CERTIFICATE OF AMENDMENT RECORDED JANUARY 26, 1995 IN BOOK 950126 AS DOCUMENT NO. 00906 AND BY CERTIFICATE OF AMENDMENT RECORDED MARCH 5, 1998 IN BOOK 980305 AS DOCUMENT NO. 00906, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA
>
> TOGETHER WITH A PARCEL OF LAND LYING IN THE NORTHWEST QUARTER (NW 1/4) OF THE SOUTHWEST QUARTER (SW 1/4) OF SECTION 16, TOWNSHIP 19 SOUTH, RANGE 60 EAST M.D.M., CITY OF LAS VEGAS, CLARK COUNTY, STATE OF NEVADA, AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> COMMENCING AT THE SOUTHWEST CORNER (SW 1/4) OF THE SOUTHEAST (SE 1/4) OF THE NORTHWEST QUARTER (NW 1/4) OF THE SOUTHWEST QUARTER (SW 1/4) OF SAID SECTION 16 AS SHOWN BY MAP THEREOF ON FILE IN SAID FILE 77, PAGE 12 OF SURVEYS: THENCE SOUTH 00° 19'01" WEST, ALONG THE WEST LINE OF THE NORTHWEST QUARTER (NW 1/4) OF THE SOUTHWEST QUARTER (SW 1/4) OF THE SOUTHWEST QUARTER (SW 1/4) OF SAID SECTION 16, A DISTANCE OF 472.55 FEET TO THE POINT OF BEGINNING:
>
> THENCE SOUTH 00°19'01" WEST, A DISTANCE OF 50.50 FEET;
> THENCE NORTH 89°40'59" WEST, A DISTANCE OF 18.05 FEET;
> THENCE NORTH 00°57'22" WEST, A DISTANCE OF 50.51 FEET;
> THENCE SOUTH 89°40'59" EAST, A DISTANCE OF 19.17 FEET TO THE POINT OF BEGINNING,
>
> A. P. N.: 125-16-414-035

(the **property**).

3.      The deed of trust was assigned to BAC Home Loans Servicing, LP (**BAC**) in 2011.

4.      BAC merged into BANA in 2011.

5.      Defendant Elkhorn Community Association, through defendant ATC Assessment Collection Group, LLC f/k/a Angius & Terry Collections, LLC (**ATC**), recorded a notice of

delinquent assessment lien against the property in July 2009.

6.      Mr. Davis owed $51.75 quarterly assessments in 2008 and $58 quarterly assessments in 2009, and was "three quarters" delinquent when Elkhorn initiated foreclosure.

7.      Mr. Davis did not owe any charges for maintenance or nuisance abatement under NRS 116.310312 when Elkhorn initiated foreclosure.

8.      Elkhorn, through ATC, recorded a notice of default and election to sell against the property in August 2009.

9.      BAC subsequently made a $1,330.77 payment to ATC, which ATC received on January 19, 2010.

10.     ATC disbursed $254.77 of the $1,330.77 payment to Elkhorn, which Elkhorn received and applied to Mr. Davis' assessment account.

11.     Elkhorn admitted BAC remitted its $1,330.77 payment "to satisfy the super-priority portion" of its lien, the payment satisfied its superpriority lien, and that it could only foreclose on the sub-priority portion of its lien as a result, in its briefing.  Its counsel also represented on the record at the July 30, 2019 hearing that BAC paid the superpriority amount prior to the sale.

12.     After accepting BAC's payment, Elkhorn, through ATC, foreclosed on March 28, 2013.

13.     RLP purchased the property at the sale.

Based on the forgoing findings of fact, the court concludes as follows:

1.      Under *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev. 2018) and *Bank of America, N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620 (9th Cir. 2019), BAC's $1,330.77 payment satisfied Elkhorn's superpriority lien.

2.      Because BAC's $1,330.77 payment satisfied Elkhorn's superpriority lien, RLP acquired the property subject to the deed of trust.

///

///

///

///

///

NOW, THEREFORE, for the reasons stated on the record, and based on the foregoing findings of fact and conclusions of law, it is HEREBY ORDERED:

1.     BANA's motion for partial summary judgment, ECF No. 42, is granted.     RLP purchased the property subject to BANA's deed of trust, and the deed of trust remains a valid lien on the property;

2.     The clerk shall enter judgment in favor of BANA on its first cause of action for quiet title/declaratory relief;

3.     All BANA's claims other than its first cause of action for quiet title/declaratory relief are dismissed as moot;

4.     The HOA's Motion for Summary Judgment, ECF No. 43, is granted as to the claim of Unjust Enrichment asserted by RLP against the HOA.  All RLP's remaining counterclaims and cross-claims are dismissed with prejudice;

5.     Any lis pendens recorded against the property pertaining to this case is expunged; and

///

///

///

///

///

///

///

///

///

///

///

///

///

///

6.     The clerk shall close this case.

SO ORDERED, this 11th of _____September_____, 2019.

_____
The Honorable Richard F. Boulware, II
United States District Judge

**SUBMITTED BY**:

This the 9th day of August, 2019.

*/s/ Jamie K. Combs, Esq.*
DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134

*Attorneys for plaintiff and counter-defendant*
*Bank of America, N.A., successor by merger*
*to BAC Home Loans Servicing, LP*

**APPROVED AS TO FORM**:

This the 9th day of August, 2019.

*/s/ Colli C. McKiever, Esq.*
EDWARD D. BOYACK, ESQ.
Nevada Bar No. 5229
COLLI C. MCKIEVER, ESQ.
Nevada Bar No. 13724
BOYACK ORME & ANTHONY
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117

*Attorneys for defendant and cross-defendant*
*Elkhorn Community Association*